1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   ALEX G. TSE (CABN 152348)
3  Chief, Civil Division

4  RAVEN M. NORRIS (CABN 232868)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6915
7      FAX: (415) 436-6570
       Raven.Norris@usdoj.gov
8
   Attorneys for Plaintiff
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                           SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,          )  CASE NO. CR 03-20097 JF
                                       )
15         Plaintiff,                  )  WRIT OF EXECUTION
                                       )
16     v.                              )
                                       )
17  CAROL ANN HUANG,                   )
                                       )
18         Defendant.                  )
                                       )
19  _____)

20  TO THE UNITED STATES MARSHAL:

21     A criminal judgment was entered in the United States District Court for the Northern District of

22  California in the above-captioned matter in favor of the United States of America, plaintiff, and against

23  Defendant Carol Ann Huang ("Defendant").  The defendant's last known address is 2000 Durant Ave.,

24  Apt. 317, Berkeley, CA 94704.  The judgment ordered Defendant to pay restitution in the amount of

25  $11,689,301.02 and a $200 special assessment.

26     As of the date of the Stipulation, the defendant has paid $3,475.00 on the judgment debt.  From

27  February 9, 2007, interest has accrued in the amount of $4,361,376.27 .  As of July 18, 2014, there is a

28  total balance due of approximately $16,047,202.29 on the restitution debt.

WRIT OF EXECUTION
CR 03-20097 JF                                   1

1    NOW THEREFORE, YOU ARE HEREBY COMMANDED to proceed without delay to satisfy the judgment by levying on and selling property in which the defendant has a substantial nonexempt interest, but not to exceed property reasonably equivalent in value to the aggregate amount of the judgment, costs, and interests, and by executing upon property of the defendant including, but not limited to, all pieces of jewelry currently in possession of Harvey Wittenberg and held in a safety deposit box at Citibank, Albany Branch, 1377 Solano Avenue, Albany, California 94706.  A list of the jewelry items subject to levy and execution may be found in the Huang Jewelry Appraisal, a copy of which is attached as Exhibit A to the Stipulation for issuance of Writ of Execution.

You shall levy personal property by taking possession of it.  Levy on personal property not easily taken into possession, or which cannot be taken into possession without great inconvenience or expense, may be made by affixing a copy of the writ and notice of levy on it or in a conspicuous place in the vicinity of it, describing in the notice of levy the property by quantity and with sufficient detail to identify the property levied upon.

You shall file a copy of the notice of levy in the same manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986.  You shall also serve a copy of the writ and notice of levy on the defendant against whom the writ was issued and the person who has possession of the property subject to the writ in the same manner that a summons is served in a civil action and make the return thereof.

You shall conduct the sale of personal property pursuant to 28 U.S.C. § 3203(g)(1)(B), which is set forth below in its entirety:

(B) Sale of personal property --

(i)    Personal property levied on shall be offered for sale on the premises where it is located at the time of levy, at the courthouse of the county, parish or city wherein it is located, or at another location if ordered by the court.  Personal property susceptible of being exhibited shall not be sold unless it is present and subject to the view of those attending the sale unless—

(I)  the property consists of shares of stock in corporations;

(II)  by reason of the nature of the property, it is impractical to exhibit it; or

       (III)  The debtor's interest in the property does not include the right to the exclusive possession.

  (ii)  (I)  Except as provided in subclause (II), personal property, or any interest therein, shall be sold after the expiration of the 30-day period beginning on the date of levy under subsection [3203](d).

       (II)  The court may order the sale of any personal property before the expiration of such 30-day period if the court determines that such property is likely to perish, waste, be destroyed, or otherwise substantially depreciate in value during such 30-day period.

  (iii)  Notice of the time and place of the sale of personal property shall be given by the United States marshal by posting notice thereof for not less than 10 days successively immediately before the day of sale at the courthouse of any county, parish, or city, and at the place where the sale is to be made.

  (iv)  The United States marshal shall serve written notice of public sale by personal delivery, or registered or certified mail at their last known addresses, on the judgment debtor and other persons who the marshal has reasonable cause to believe, after diligent inquiry, have a substantial interest in the property.

You shall also conduct the sale of real and personal property pursuant to the other applicable provisions of 28 U.S.C. § 3203 as well as the applicable provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq. You are permitted to contract with an auction company, jewelry dealer or other agent for the sale of the jewelry in order to maximize said sale. 28 U.S.C. § 3009.

You (or your agent) should sell the property at a location deemed appropriate for jewelry sale. Pursuant to 28 U.S.C. § 3203(g)(1)(B), an appropriate location for sale may be the premises where the jewelry is located at the time of levy, at the courthouse where it is located, or at a venue which is appropriate for jewelry sales, including an internet auction site or the premises of an auction company, jewelry dealer or other authorized commercially accessible agent.

You are permitted, in consultation with the United States Attorney's Office for the Northern District of California, to set a minimum price for each item in the jewelry collection, although not

WRIT OF EXECUTION
CR 03-20097 JF                3

obligated by the Writ to do so.  This minimum price may be considered for either live or internet sales of the collection.  If the jewelry items are presented for sale and a period of thirty days expires without an offer for a minimum price, you are permitted, in consultation with the United States Attorney's Office for the Northern District of California, to adjust any previously established minimum price.

You shall file a copy of the notice of levy in the same manner as provided for judgments in 28 U.S.C. § 3201.

You shall serve a copy of the writ and notice of levy on the Defendant against whom the writ was issued and the person who has possession of the property subject to the writ in the same manner that a summons is served in a civil action and make the return thereof. 28 U.S.C. § 3102(d)(5).

YOU ARE COMMANDED to endorse, in the space provided below, the exact hour and date of receipt of this writ of execution.  You shall make a written record of every levy, specify the property on which levy is made, the date on which levy is made, and the United States Marshal's costs, expenses, and fees.

YOU ARE COMMANDED to make a written return to the Court on each writ of execution stating concisely what was done pursuant to the writ, and to deliver a copy to the United States Attorney, Northern District of California.

YOU ARE COMMANDED to make return of this writ within 90 days after the date of issuance if levy is not made, or within ten days after the date of sale of property on which levy is made.

ISSUED on the   29th   day of   July  , 2014.

RICHARD W. WIEKING,
Clerk of the U. S. District Court

*Richard W. Wieking*

By: *Cita F. Escalano*
Deputy Clerk

_____

U.S. Marshal's Endorsement
(28 U.S.C. § 3203(d)(3)(A))

WRIT OF EXECUTION
CR 03-20097 JF                                      4

1
2  Date Writ Received: _____
3  Time Writ Received: _____
4  Signature of Authorized Deputy U.S. Marshal:  _____
                                                 (Signature)
5
6                                                _____
                                                 (Type or print name)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WRIT OF EXECUTION
CR 03-20097 JF                           5